UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

Eastern District of Kentucky
F I L E D

FEB 1 0 2014

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

JERROD ZILCH,                          )
                                       )
        Petitioner,                    )        Civil Action No. 13-CV-144-HRW
                                       )
V.                                     )
                                       )
                                       )        **MEMORANDUM OPINION**
MICHAEL SEPANEK, Warden,               )                **AND**
                                       )               **ORDER**
        Respondent.                    )

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Jerrod Zilch ("Zilch") is an inmate confined in the Federal Correctional

Institution at Ashland, Kentucky. Zilch, proceeding *pro se*, has filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction of a

prison disciplinary offense and the resulting sanctions. [R. 1] Zilch asserts that he is

innocent of the charged offense, a Code 104A violation, and he requests that this

charged offense be reduced to a Code 305 violation. Zilch has paid the requisite

$5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011). The Court must deny the petition "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions pursuant to Rule 1(b)). The Court evaluates Zilch's petition under a more

lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this

stage, the Court accepts the petitioner's factual allegations as true, and his legal

claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555-56 (2007).

Because Zilch's conviction is supported by some evidence, the Court concludes

that he is not entitled to the relief he seeks and will dismiss his § 2241 petition. The

rationale for this decision is set out below.

## BACKGROUND

### I.   Disciplinary Charge, Conviction, and Administrative Appeals

On August 23, 2011, Correctional Officer Michael Waddell, S.O.S., conducted

a random search of Zilch's cell, resulting in Zilch being charged with a Code 104A

violation. The incident report charging that violation states, as follows:

> On 08-23-11 at approximately 11:25 AM, I officer Waddell was
> conducting a random cell search of inmate Zilch #13317-026 cell H02-
> 209. While searching for contraband in his secured locker I found a
> hand written description on how to build an explosive device with using
> easily accessible items from FCI Ashland, such as fuel, soda pop (coke),
> foam cups, ping pong balls and draino. These steps were written in step

by step instructions. The letter was forwarded to the Lieutenants office and inmate Zilch was escorted to SHU.

[R. 1-1, p. 1].

Based on the papers Officer Waddell found in Zilch's secured locker, Zilch was charged with "Possession, manufacture, or introduction of a gun, firearm, sharpened instrument, knife, dangerous chemical explosive, ammunition, or any instrument used as a weapon, a Code 104A offense. *Id.* Being in the category of "most serious offenses,"[1] this charge was referred to a Disciplinary Hearing Officer ("DHO") for hearing, which was conducted on September 29, 2011.

Zilch appeared at the DHO hearing, stated that he understood his rights and waived his right to a staff representative and to call any witnesses at the hearing. Zilch had no documentary evidence to present at the hearing. The DHO read the charge to Zilch, questioned him about it, and he denied the charge. The DHO summarized what transpired and the colloquy that occurred between them at the hearing, as follows:

---

[1] The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

The DHO first ensured inmate Zilch had received a copy of the incident report, understood his rights, did not wish to have a staff representative or to call any witnesses, and did not have any documentary evidence to present. The DHO then read aloud Section 11 of the Incident Report and asked inmate Zilch if it were true. He denied the charge. The DHO showed him the handwritten notes attached to the incident report and asked him if this was his writing and he confirmed that it was. The DHO asked him if this was not handwritten notes on how to fabricate an explosive from regular items then what was it? He said it was simply notes that he had taken from various articles that he had read. He said the numbers beside of each entry corresponds to the article it came from. The DHO asked him what publications those articles were in? He said it came from various farming papers called "Farm Show:. He said the papers were not his and belonged to other inmates. The DHO asked him how he possessed them and he said "A guy gave it to me".

[R. 1-2, p. 1]

Based on the physical evidence, Zilch's demeanor at the DHO hearing, and his responses to the DHO's questions, the DHO found that Zilch committed the prohibited act, for the reasons stated below:

> The specific evidence relied upon to support this finding is the eye witness account of M. Waddell, Correctional Officer, who provided a written report dated August 23, 2011, stating that on that date, at about 11:25 AM, he was conducting a random cell search of your cell, H02-209. Officer Waddell reports that while searching for contraband in your secured locker he found a hand written description on how to build an explosive device with using easily accessible items from FCI Ashland, such as fuel, soda pop (coke), foam cups, ping pong balls and draino. He states these steps were written in step by step instructions and that the letter was forwarded to the Lieutenants office and you were escorted to SHU. I also relied on the 2 page handwritten note attached to the incident report which I showed you and you confirmed was your

4

handwriting. These notes contain numbered steps on how to prepare an explosive. . . .

At the DHO hearing you denied making plans to manufacture an explosive device. You said the attachment to the incident report was simply your handwritten notes taken from various articles that you had read in papers called "Farm Show". You said that these magazines did not belong to you but were given to you by another inmate. In deciding this issue, I considered your denial of the misconduct, but was not convinced of your innocence. First, you provided no evidence to support your version of the incident. You simply denied the behavior and offered no credible facts to support your claims. When asked by me the origins of the papers you claim these articles came from, you simply said "A guy gave it to me" and didn't even offer an identity. Secondly, I found you[r] version to be illogical. You claim these were notes taken by you pertaining to farming matters, yet all of the notes are connected to an explosive in varying degrees. I saw no evidence that this was a farming related subject. I also noted that at the time of the investigation you elected to not make a statement. This has given me pause and casts doubt in my mind as to your sincerity. Surely a wrongly accused inmate would be eager to provide their [sic] version of the incident after being notified of the charge and given an opportunity to explain. You elected to not do so. The evidence against you is compelling and has convinced me that this was an effort by you, perhaps in the early stages, to manufacture an explosive device and I have given this evidence the greater weight over your unsupported denial. Accordingly, I find a sufficient measure of evidence present to support the charge of attempting to Manufacture an Explosive, a violation of code 104A, of the inmate discipline policy.

[R. 1-2, pp. 2-3]

DHO C. Metzger imposed the following sanctions: 30 days of Disciplinary Segregation; disallowance of 40 days Good Conduct Time; Loss of visitation privileges for 6 months, effective through March 29, 2012. [R. 1-2, p. 3]

Zilch appealed the DHO's decision to the BOP's Mid-Atlantic Regional Office ("MARO"), claiming that (1) he did not commit the prohibited act, (2) the DHO's decision was based on insufficient evidence, and (3) he was incorrectly charged, and that a Code 305 violation would have been the appropriate charge. Zilch requested the charge be lowered to a Code 305 violation and that the sanctions be lessened. [R. 1-6, p. 3] The MARO denied Zilch's appeal, finding no merit to his claims. The MARO pointed out that the DHO's decision was based on some facts, that it was based on the greater weight of the evidence, and that the DHO explained the basis for his decision. The MARO also noted that the sanctions imposed were appropriate for the offense in the Greatest Severity category and that the required disciplinary procedures were substantially followed. [R. 1-6, p. 3]

Zilch appealed the MARO decision to the BOP's Central Office in Washington, D.C., essentially reiterating the same argument he made in his Regional Office appeal. [R. 1-6, pp. 4-5] The BOP's Central Office received Zilch's appeal on June 26, 2013; its response thereto was due on August 5, 2013. [R. 1-7] In his petition, Zilch stated that he had not received a response from the BOP's Central Office to his appeal. Assuming the truthfulness of that statement, Zilch has fully exhausted his administrative remedies. *See* 28 C.F.R. § 542.18 ("If the inmate does

not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

## 2. Claims Asserted in § 2241 Petition

Zilch reiterates most of the challenges to his disciplinary conviction which he asserted in the appeal process, *i.e.*, that the handwritten notes, which were in plain view in his locker, were no indicia that he was in the early stages of preparing to manufacture an explosive device. He further states:

> ... Despite the characterization of the nature of the notes, the BOP has not treated this as a serious matter in any way other than the disciplinary action that it has taken against me. The BOP has not produced any items from my property that correspond to items listed in the notes, nor even claimed that I ever actually possessed any of the items, nor offered any other information that indicates I intended or attempted to produce an explosive based on the notes. Even copies of the note have been returned to me, demonstrating how innocuous the information actually is.

[R. 1, p. 6]

Zilch contends that he should have been charged with a lesser offense, *viz.*, Possession of anything not authorized for retention or receipt by the inmate and not issued to him through regular channels, to wit: Flammable Solution Instruction, a Code 305 violation, and that the sanctions imposed should be reduced accordingly.

## DISCUSSION

Prisoners sanctioned with the loss of Good Time Credit ("GTC") are entitled to some due process protection. *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution"). The due process to which a prisoner is entitled includes: written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action. *Id.*

Zilch claims that he was charged with the wrong offense and that there was insufficient evidence to warrant a finding of guilt of the charged offense, but his argument ignores the fact that pursuant to *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision. *Id.* at 454-55. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A district court has no authority under the guise of due process either to review the resolution of factual disputes in a disciplinary decision or to weigh the credibility of the witnesses. A district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support.

*Superintendent*, 472 U.S. at 457. Even meager proof is sufficient under the "some evidence" standard. *Webb*, 224 F.3d at 652. "[T]he full panoply of rights due a defendant [in a criminal prosecution] does not apply" with regard to inmate disciplinary hearings. [*Id.*]

In this case, there was "some" evidence to support Zilch's disciplinary conviction. That evidence consisted of the August 23, 2011, Incident Report, in which Correctional Officer Waddell concluded that Zilch had committed a Code 104A violation by gathering information to manufacture an explosive. Zilch contends that contrary to Officer Waddell's conclusion, the notes found in his locker were notes for creating a solution to kill vines, large amounts of field brush, and to seal large tires to their rims. He also notes that Officer Waddell is not an explosives expert, and he asserts that Waddell's conclusions, as set forth in the Incident Report, were biased and selected, and based on false assumptions about his conduct. Although the Incident Report is not complete evidence of guilt, and although Zilch disputes the charge contained in the Incident Report, DHO Metzger was free to assign greater weight to the Incident Report than to Zilch's stated reason at the DHO hearing as for his writing these notes and for what purpose. DHO Metzger did just that, and in doing so, he did not violate Zilch's right to due process of law.

Thus, the Incident Report constituted "some" evidence upon which DHO Metzger could reasonably rely in finding Zilch guilty of the charged offense. It is not this Court's role to weigh the credibility of the evidence or substitute its judgment for that of the DHO. *Superintendent,* 472 U.S. at 454-55. Whether or not a Code 305 violation might have been the more appropriate offense, Zilch received all the process to which he was due, there was "some evidence" to support the decision to find him guilty of the Code 104A violation, and the sanctions imposed are commensurate with that offense. *See Cosgrove v. Rios,* No. 7:08–CV–109–KKC, 2008 WL 4706638, at *4 (E.D. Ky. Oct. 21, 2008) (finding that DHO's review of reports and memoranda constituted "some evidence" and was enough to support the finding of guilt, imposition of sanctions, and revocation of the inmate's GTC).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Jerrod Zilch's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 10th day of February, 2014.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge

10